Respondent, Ross Briggs. Ross Briggs is a bankruptcy lawyer who, in April of 2016, had certain limitations on his right to practice imposed by Judge Rendlen. Those limitations were going to be imposed for a limited period of six months or possibly longer, just to kind of keep track of things. We're now about three and a half years past that original date, so we're well past the six-month period. More than a year ago, Mr. Briggs sought reinstatement and he also filed a motion to recuse Judge Rendlen. Judge Rendlen denied the motion to recuse and then subsequently also denied the petition for reinstatement of full privileges when Mr. Briggs declined to have that petition heard. Ross Briggs, in July of 2018, filed a single notice of appeal, a notice of appeal that would have been sufficient for every court in the Eighth Circuit except the Eastern District of Missouri Bankruptcy Court, and he filed that notice of appeal. Promptly after the notice of appeal was filed, the bankruptcy judge, Judge Rendlen, responded here, struck that notice of appeal, and the reason he struck the notice of appeal was it was not in compliance with the local rule 8001A. Did he find, Judge, did he find that Mr. Briggs did that willfully? There is language suggesting that he did. There was no hearing. There was nothing else. I can actually tell you the circumstances. I was on vacation in Michigan and incorrectly thought we had the normal day to file, normal period to file a notice of appeal. Was informed by my client we did not. We made a decision to file a notice of appeal in one of the eight cases where the, where the order had been entered. The order was actually entered in eight separate cases, and frankly, the client I don't think thought about it. I certainly was not aware of the local rule that was different, and so I can tell you truly it was an inadvertent error that we filed a single notice of appeal. Well that's not what Judge Rendlen says, right? The fair reading of his fourth paragraph is it was willful, right? As I said, Judge, I believe he finds some sort of misconduct with absolutely no basis for doing so. Now the district judge doesn't mention that, right? Correct. Do you think the district judge had to mention it or not? I think the district judge should not have struck the notice as case law supports without a finding of misconduct, Mr. Briggs should have not. Well you keep using the term misconduct. Do you take that from a case? Yes, the Second Circuit, and the case is cited in our brief, let me give you the case name. In the O2 micro case, I'm sorry, actually the Federal Circuit, I'm sorry I have the wrong case there. It's the conscious disregard standard that's cited in the Gilroy v. Erie Lackawanna Railroad case. Do you think that's like willfulness? I certainly would think it would involve something more than occurred here. Now you just barely mention in the bankruptcy court, in the district court, A2 of federal bankruptcy procedure 929A2, and that's the one that says a local rule imposing a requirement of form shall not be enforced in manner that causes a party to lose rights because of a non-willful failure. Correct. Do you think your failure was willful or non-willful? Absolutely not. As I said, it was an inadvertent error. Okay, who are we reviewing here? You are reviewing the district court, which would be Judge Hamilton. And again, the order was struck with no hearing whatsoever. There was a request for reconsideration that raised the issue that, in fact, Mr. Briggs should have been allowed to remedy his error. And Judge Hamilton denied that motion to reconsider, which is included in the addendum to our brief that laid out the basis that there should be a remedy and, in fact, that we would have been able to remedy the errors. Does she incorporate Judge Renlund's order? I do not believe so. In fact, we actually argued both before her and in an earlier motion or in the original filing that Judge Renlund's order was issued without jurisdiction because as soon as the notice of appeal was filed, it would have deprived him of jurisdiction of the matter subject to the appeal. What's your best case on that, that he did not have jurisdiction? It is cited in our footnote. Briggs v. Providence Consumer Products, United States Supreme Court 1982, the filing of a notice of appeal is an event of jurisdictional significance. It confers jurisdiction on the Court of Appeals and defests the District Court of its control over those aspects of the case involved in the appeal. And then we cite as an accord the Halton v. Parks case from the District of Nebraska dealing with the bankruptcy court. And that's in footnote four on page seven of our brief. I'd like to touch on at least a couple more issues if you don't have questions. I've got one question before we leave that. Does the requirement for separate notice of appeal and a separate filing fee, in your view, violate a statute? Yes, it does. It would be entered in violation of 28 U.S.C. 2071, which is the power that's validates Bankruptcy Rule 9029, and it's a local rule that imposes a burden that is inconsistent. And I emphasize the word is inconsistent with a bankruptcy court rule. It doesn't have to actually contradict the rule. Here, we're in virtually every other bankruptcy court. We've identified five courts that would require separate notices. In the other, more than 90 bankruptcy courts and more than 200 federal courts, a single notice and a single payment would have been sufficient. Counsel, the local rule is certainly more specific than the federal rule, but how is it inconsistent? It's inconsistent, Your Honor, in that, as we've cited in numerous cases, both in bankruptcy appeals and in other types of appeals, courts regularly note that there were multiple orders appealed in a single notice of appeal, and that's always been sufficient. We have not found a single court case that said that, in fact, even in the five cases where there is a requirement of separate notices for each order, we have never found a case that said we are striking this notice because it did not comply. But wouldn't that depend on whether it's considered jurisdictional or not? Correct. And a local rule cannot be jurisdictional. So it could be. But if it's not jurisdictional, it's not inconsistent necessarily, is it? Well, except that Mr. Briggs should have been allowed to remedy, which he was not. But those are two different issues. Correct. But the way the court enforced the rule, it proved that it considered it jurisdictional because it would not even give Mr. Briggs an opportunity to do a remedy. What about Federal Bankruptcy Rule 803A? It talks about appeal from an order, and it says that when you do the notice, it is supposed to be accompanied by the order. Boy, doesn't that say you can definitely make it per order that you have to file the notice of appeal? Your Honor, it would, except, as I mentioned, we cited in our brief numerous cases where Federal courts handling bankruptcy appeals, and by the way, the same language is in Rule 3 that suggests a single order. Courts regularly, in fact, what we actually did was we ran a search for notice of appeal within a certain characteristic. But the problem is the little word or. Or is in there. It says an order or a judgment or the or word. Doesn't the or word kill that argument? And actually, 8003 appears to authorize saying that you can make it order by order. Judge, as we said, there are five courts that specifically require separate orders. We cannot find any court case enforcing them. We have found dozens of cases where courts of appeals have considered multiple orders at a single notice with a single fee paid. And again, if the problem was it had to be non-jurisdictional, the minimum that should have occurred here was Mr. Briggs should have been asked, should have been allowed to amend and remedy the problem. And realize one of the interesting things. How quickly did you ask leave to amend? I believe the motion to reconsider was filed nine days after the district court. Thank you. I see I'm out of time. I'll save the final two minutes for rebuttal. Thank you. Mr. Jones. Your Honor, it's good morning. May it please the court. Joshua Jones, Assistant United States Attorney on behalf of the FLE, the Before I get into the merits, I do have to apologize. My two-year-old daughter brought home a cold from daycare and gave it to dad just in time for an oral argument. So if I cough into the microphone, that's the reason. So I apologize in advance. Your Honors, we are asking this court to affirm Judge Hamilton's decision and order striking Mr. Briggs' notice of appeal. The primary argument that's been raised by Mr. Briggs in his opening and reply briefs is that Local Rule 8001A is invalid. Well, before you get to that, that's kind of the ultimate issue. First of all, talk to me. Does it have to be willful? I believe that the bankruptcy court did in paragraph 4 find the violation to be willful. Mr. Briggs... Was that adopted by the district court or ignored by the district court? I don't believe it was ignored. Well, it's not mentioned. What word would you use? Overlooked? I don't believe it was addressed. Not addressed. Okay, I'll take that. Two words, but not addressed. Okay, that's okay. Unaddressed, unaddressed would be one word. Go ahead. However, I do believe that the order entered by Judge Renlund striking that notice of appeal and then obviously Judge Hamilton, who agreed, did find that the violation was willful, especially given the fact that Mr. Briggs has been an attorney for this bankruptcy court for several decades now. Counsel, did Judge Renlund even have jurisdiction to issue that order once the notice of appeal had been filed? That is an open question. I've attempted to research that. I don't think there's a clear answer. I can certainly supplement my brief with an additional letter. However, I don't think there's a clear answer. Please do. It's jurisdictional. Absolutely. Do you want to proceed? However, Your Honor, as I understand it, the judge entered that order in case he had jurisdiction and of course then Judge Hamilton... Well, if this were a district court and a court of appeals, the answer is clear, right? I'm sorry. If this were a district court in an appeal to a circuit court, that answer is clear. You've seen the cases on the other side. Why is this any different? Well, I think, Your Honor, the... The appeal could have been to the BAP kind of an arm of this court instead of to the district court. Proceed. Obviously, yes, you're right. If this were an appeal from a district court to this court, the jurisdiction question would be easy. However, there are some cases which imply that the bankruptcy, when a bankruptcy court goes from bankruptcy court to the district court, the bankruptcy judge might have the jurisdiction to enter an order striking that notice of appeal. I will certainly supplement with a letter. Your Honor, under the Dvorsky decision, a party challenging a local rule of a bankruptcy court must satisfy a two-pronged test. First, the party must demonstrate that the... Or a local rule is valid if it is consistent with Title XI, that is, the bankruptcy code, in that it does not abridge, enlarge, or modify a substantive right and is not inconsistent with the federal bankruptcy rules. Now, the only stat... Title XI doesn't discuss a bankruptcy party's appellate rights. In fact, the only statute directly on point is 28 U.S.C. 158. That section provides that a bankruptcy party may appeal a final order or judgment of a bankruptcy court and may do so to the district court and where applicable to the bankruptcy appellate panel. Section 158... I'm sorry. You didn't mention Rule 8003, right? Well, that's the second part. Okay, I'm sorry. Go ahead. So the first part is it has to be consistent with Title XI. Title XI doesn't discuss appellate rights. The only statute is 28 U.S.C. 158, and that does not prohibit a local rule from acquiring separate notices of appeal. To your point, Judge Benton, Rule 8003 says that when a party appeals, he or she must attach the order or judgment being appealed, and the notice of appeal must comply substantially with National Form 417A. I have that form right here. As Judge Benton, you pointed out, that form says in Part 2, describe the judgment, order, or decree appealed from, and it gives a blank about that long. The actual form says, identify the subject of this appeal in bold letters above it, right? Yes, it does. So it's even a little bit ambiguous. I know you're referring to the next line, but go ahead. Nothing on 417A would prohibit a local court from acquiring separate notices of appeal, that is, separate Form 417As for each order or judgment being appealed, especially given the language on that National Form, which requires an appellant to identify the judgment or the order being appealed, and the date on which the judgment or order was entered. Because Mr. Briggs has not satisfied the two-pronged test of Dvorsky, the local rule is valid. Counsel, assuming that's true, what if we treated the local rule as jurisdictional? Would it still be consistent with the federal rules? Well, I don't believe it is jurisdictional, and therefore I'm not sure that... In terms of the ability of him to cure the defects? Well, I don't believe that this rule is jurisdictional, and therefore I don't necessarily think that would apply. Why would it not be jurisdictional? This is simply stating what the contents of the notice of appeal must include, and so they can put the bankruptcy court on notice of exactly what orders are being appealed. When I was practicing for this oral argument, I was talking to a lot of non-bankruptcy practitioners who are used to the rule of finality in district court, such that, of course, we all know that civil litigation, appellate jurisdiction doesn't come into play unless and until the district court enters a final separate judgment adjudicating all claims against all defendants. That's not necessarily the case in bankruptcy. You can have a final order that does not conclude the bankruptcy case. For example, if I filed bankruptcy, Your Honor, and Your Honors were my creditor, you could file a claim against my estate asking for money for goods or services or whatnot. I could then object to your claim saying you're owed less money than you say you are, and the court would enter an order either sustaining or denying my objection. That order is considered final and appealable, but wouldn't end the bankruptcy case. My case would still be going on at the bankruptcy court, and your appeal would be then heard at the district court level or the bankruptcy appellate panel. This rule is in place so that the bankruptcy courts can have a clear idea of exactly what is being appealed so that when they enter further orders in that case or they administer the estate, they know exactly what's coming down. Boy, how is that effective in the fact that there are two orders listed on this sheet of paper and not one? I'm sorry? A bankruptcy judge can read two orders that are there as opposed to one. I don't think that argument applies to this case, does it? That's the justification for having the rule. It's also the justification why in bankruptcy, parties have 14 days versus the United States has 60 or most parties 30. All parties have 14 days. It's just because the rule of finality is more flexible in bankruptcy than it is in civil and criminal district court litigation, the rules must therefore be more stringent. I understand that this rule is a minority, however, it is a rule adopted by several courts across the country. My colleague identifies five courts and in his reply brief, he says 97.5% of all courts. That's a little inaccurate. This is a bankruptcy-specific rule. There are not 214 bankruptcy courts across the country, there are fewer than 100. The First and Tenth Circuit Bankruptcy Appellate Panels have this requirement for all courts in their circuits. That means that all of the courts in Maine, Massachusetts, Rhode Island, New Hampshire, Puerto Rico, Oklahoma, Kansas, New Mexico, Colorado, Wyoming, and Utah all have this rule. In other words, a little less than one-third of all the bankruptcy courts in this country have this same rule. Of course, that would be only true of appeals to the BAP, if I hear you right. They can't talk about what goes to the district court, can they? That would be correct. Surely so. But at least that rule is in place in those circuits. Of course, we've identified the Southern District of Florida, which includes Miami, as well as the Eastern District of Missouri and the District of Hawaii, which have this local rule. Counsel, could you address why you think Mr. Briggs should not be allowed to cure the defect in his notice of appeal? That's a very good point. I think the problem is that Mr. Briggs waited until day 14. I mean, he could have filed his notice of appeal on day 1, and the bankruptcy clerk's office would have identified that problem and presumably told him, and so he would have had time. Mr. Briggs waited until almost 4 o'clock on the day that his notice of appeal was due. Which is perfectly legal, right? Which is perfectly legal. However, if you're going to wait until the last minute and within a few minutes of the clerk's office closing, you run the risk that if your notice of appeal is defective, then you're going to suffer the consequences. Only if it's jurisdictional. I'm sorry? Only if it's treated as jurisdictional, right? Sure, but another option available to Mr. Briggs was to seek leave for additional time. He never asked for more time to appeal. He just simply filed his notice of appeal at 3.50 something in the afternoon before the clerk's office closed. But he asked to amend it. Why isn't that the same as asking for more time? I'm sorry? He asked to amend it to amend his appeal, right? I don't believe so. He filed his notice of appeal on day 14. It was struck by the judge. It was then docketed with the district court. The district court then entered its order. Judge Hamilton entered its order. I thought he just told me that he moved to amend. Tell me. He moved for reconsideration with the district court. The district court entered a docket text order nine days later denying reconsideration of the jurisdictional order. Thank you. Your honors, I see the red light is on. I've asked this court. I've got one other question. Please. What about the other order, the separate order on the disqualification of the bankruptcy judge? Wasn't there a time issue on that? There is. And that's identified in- Is that something we need to be concerned with or is that just sort of a- I absolutely think that's something this court should consider. I included it in section 1C of my opening brief. Essentially what happened was the bankruptcy court entered its order on, I believe, June 25th, if I remember correctly, the order denying disqualification under section 455. And then 15 days later entered its order denying reconsideration and then 14 days after that is when the bankruptcy court entered its order denying or it was when Mr. Briggs filed his notice of appeal. He never saw it leave. The order denying disqualification is considered in bankruptcy to be interlocutory. And the rule is that a party seeking to appeal an interlocutory order must seek leave. And he didn't do so. And the notice of appeal was 29 days or was filed 29 days after the order denying disqualification, which is 14 days after or 15 days after it was due. That's addressed, fully addressed in section 1C of the brief. But you think that's jurisdictional? I believe that is a jurisdictional problem. An untimely notice of appeal is unquestionably a jurisdictional issue that we raised after reviewing the record and we think the court should take it into consideration. Thank you. Thank you very much, Your Honor. Thank you, Mr. Jones. We're back to you, Mr. Downey. Thank you. I know I have limited time. Let me begin, actually, by answering the question about timeliness. It is standard practice, as I'm sure the court knows, to wait for an interlocutory order to be included in a final decision. The final decision here was the dismissal of the request for reinstatement of privileges, which then closed out this matter. And we believe that both orders were timely appealed at that time. As Judge Benton has noted, the notice of appeal very clearly states the two orders. It states the dates they were entered. There's no issue with being on notice as to what was involved. There were earlier questions about whether or not multiple orders could be handled in the decision. I direct the court's attention to page 12 of my brief, where I cite, among other things, the O&S trucking case and the Johnson v. Fink case. The first is an Eighth Circuit case. The second is an Eighth Circuit BAP case. In both instances, this court entertained appeals where there were multiple orders. In the case of O&S trucking, three orders. In the case of Johnson v. Fink, six orders that were handled in a single notice of appeal. So as I mentioned, it is standard practice, and we cite a number of other decisions within the last five years, where courts did handle additional orders. There's a question about whether or not amendment would be possible here. And the argument was, well, it was filed on the last day, and that should be insufficient. I direct the court's attention, among other things, to the Parisi v. Telecron decision. In that particular case, the appellate did not pay the appellate filing fee. And the court said, that does not allow you to simply dismiss the appeal. The appellate should have been asked to pay that filing fee. The last thing I'd like to raise, which is a little bit in a different direction. In footnote four of the Apolese brief, he includes language from Judge Sippel that's very critical of Mr. Briggs. Interestingly enough, this language was included in an order that was entered where the only thing in front of the judge was a petition to reinstate with a simple affidavit. As far as we know, in his entire legal career, Mr. Briggs has filed one pleading in front of Judge Sippel. He did not appear at all in that case. Yet somehow Judge Sippel indicated it was duplicitous and systemic of poor judgment for him to have filed the proceedings the way he did. Ignoring that, and frankly ignoring what is ignored in Judge Renlund's order, is Mr. Briggs did not file these pleadings per se. These were filed by myself, by counsel. He was represented by counsel. Counsel has all due respect for this court and for Judge Renlund. I do believe that Mr. Briggs deserves to stay in court. He should have been allowed to amend. If not, I do believe the rule is improper. It violates the rule for adopting local rules. And so I do ask the court to remand this case. And particularly to remand it to Judge John Ross, who is already handling the merits of the disqualification issue on the other seven cases that were at issue in this case. Thank you very much. Thank you. Remain one second. Any last questions for? No last questions? Counsel, thank you for